IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CASE NO. _____

JEANETTE SCICCHITANO SMITH
and ALEXANDER SMITH,                **JURY TRIAL DEMANDED**

    Plaintiffs,

v.

SPECTRUM BRANDS, INC. and
SPECTRUM BRANDS PET GROUP,
INC., and UNITED PET GROUP, INC.,

    Defendants.

**SPECTRUM BRANDS, INC.'S AND SPECTRUM BRANDS PET GROUP, INC.'S (FORMERLY KNOWN AS UNITED PET GROUP, INC.)**

**NOTICE OF REMOVAL OF CIVIL ACTION**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Spectrum Brands, Inc. and Spectrum Brands Pet Group, Inc. (formerly known as United Pet Group, Inc.)[1] (collectively "Defendants") timely remove this action titled Jeanette Scicchitano Smith and Alexander Smith v. Spectrum Brands, Inc. and Spectrum Brands Pet Group, Inc. and United Pet Group, Inc., from the Court of Common Pleas of Philadelphia County, First Judicial District of Pennsylvania, County of Philadelphia, Pennsylvania, to the United States District Court for the Eastern District of

---

[1] United Pet Group, Inc. ceased to exist on December 31, 2014. Spectrum Brands Pet Group, Inc. is the successor in interest to United Pet Group, Inc.

1

Pennsylvania. This Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441, <u>et seq.</u> Complete diversity of citizenship exists between Plaintiffs and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. In support of removal, Defendants state as follows:

## I. INTRODUCTION

1. On November 3, 2021, Plaintiffs Jeanette Scicchitano Smith and Alexander Smith filed a civil action in the Court of Common Pleas of Philadelphia County, First Judicial District of Pennsylvania, County of Philadelphia, State of Pennsylvania, styled <u>Jeanette Scicchitano Smith and Alexander Smith v. Spectrum Brands, Inc. and Spectrum Brands Pet Group, Inc. and United Pet Group, Inc.</u>, Case No. 211100383 ("State Court Action"). A copy of all process, pleadings, and orders from the state-court file is attached hereto as Exhibit A.

2. Counsel received and accepted service on behalf of Spectrum Brands, Inc., Spectrum Brands Pet Group, Inc. and United Pet Group, Inc. on November 5, 2021. Pursuant to 28 U.S.C. §1446(a), a copy of this Acceptance of Service is attached hereto as Exhibit B.

3. This Notice of Removal is being filed within thirty (30) days of Defendants' receipt of the Complaint and is, therefore, timely filed under 28 U.S.C. § 1446(b).

4. This product liability action stems from a fire that occurred at Plaintiffs' home on November 3, 2019. Ex. A, Compl. ¶ 12. The fire allegedly resulted from an

unidentified malfunction in an aquarium. Id. Plaintiffs allege that the "fire caused extensive smoke damage to Plaintiffs' real and personal property, and caused other consequential and incidental damages including clean-up costs, repair, and other associated expenses . . . ." Id. ¶ 14. Plaintiffs assert causes of action against Defendants for strict liability, negligence, and breach of warranties. Id. ¶¶ 16-50.

5.   The United States Supreme Court has set forth the pleading standard applicable to a notice of removal:

> [A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal." §1446(a). By design, §1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure. See 14C C. Wright, A. Miller, E. Cooper, & J. Steinman, Federal Practice and Procedure §3733, pp. 639-641 (4th ed. 2009) ("Section 1446(a) requires only that the grounds for removal be stated in 'a short and plain statement' - terms borrowed from the pleading requirement set forth in Federal Rule of Civil Procedure 8(a)."). The legislative history of §1446(a) is corroborative. Congress, by borrowing the familiar "short and plain statement" standard from Rule 8(a), intended to "simplify the 'pleading' requirements for removal" and to clarify that courts should "apply the same liberal rules [to removal allegations] that are applied to other matters of pleading." H. R. Rep. No. 100-889, p. 71 (1988). See also ibid. (disapproving decisions requiring "detailed pleading").

Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 87 (2014).

## II.  DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS OF REMOVAL.

6.   Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be

3

removed by the . . . defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

7. Venue for this removal is proper in this District because the Court of Common Pleas of Philadelphia County, First Judicial District of Pennsylvania, County of Philadelphia, Pennsylvania, is located within the Eastern District of Pennsylvania. 28 U.S.C. § 118(a). Thus, this Court is the "district court of the United States for the district and division embracing the place where [the State Court Action] is pending." 28 U.S.C. § 1441(a).

8. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders and other documents served on Defendants in the Court of Common Pleas of Philadelphia County, First Judicial District of Pennsylvania, County of Philadelphia, Pennsylvania are attached as Exhibit A. Moreover, with the filing of this Notice of Removal, Defendants are paying the prescribed filing fee, filing proof of filing the Notice with the Office of Judicial Records for the State Court Action and proof of service on all adverse parties, and complying with all local rules.

### III. REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a).

9. Under 28 U.S.C. § 1332(a)(1), federal courts have original jurisdiction over any civil action "where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"

10. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. There Is Complete Diversity of Citizenship Between Plaintiffs and Defendants.

11. Plaintiffs allege that they are citizens of the State of Pennsylvania. See Ex. A, Compl. ¶ 1.

12. Defendant Spectrum Brands, Inc. is, and was at the time Plaintiffs commenced this action, a Delaware corporation with its principal place of business located in Wisconsin. Accordingly, for purposes of diversity jurisdiction, it is a citizen of the states of Delaware and Wisconsin. See 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State where it has its principal place of business"); Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 347 (3d Cir. 2013) (discussing the test for determining a "principal place of business" as set forth in Hertz Corp. v. Friend, 559 U.S. 77, 87-88 130 S. Ct. 1181, 1189-90 (2010) in relation to 28 U.S.C. § 1332(c)).

13. Defendant United Pet Group, Inc. is a former Delaware corporation that is currently, and was at the time Plaintiffs commenced this action, without a legal existence or capacity to be sued, because it merged with and into Spectrum Brands, Inc. effective December 31, 2014.

14. Defendant Spectrum Brands Pet Group, Inc. is, and was at the time Plaintiffs commenced this action, a Delaware corporation with its principal place of

5

business located in Missouri. Accordingly, for purposes of diversity jurisdiction, it is a citizen of the states of Delaware and Missouri. See 28 U.S.C. § 1332(c)(1); Johnson, 724 F.3d at 347 (discussing the test for determining a "principal place of business" as set forth in Hertz, 559 U.S. at 87-88, 130 S. Ct. at 1189–90 in relation to 28 U.S.C. § 1332(c)).

15. Because Plaintiffs are citizens of Pennsylvania and Defendants are citizens of Wisconsin, Delaware, and Missouri, complete diversity of citizenship exists under 28 U.S.C. § 1332.

### B. The Amount in Controversy Requirement Is Satisfied.

16. Where an initial pleading seeks a money judgment "but the State practice [] does not permit demand for a specific sum," a "notice of removal may assert the amount in controversy[.]" 28 U.S.C. § 1446(c)(2)(A). The State practice of Pennsylvania does not permit demand for a specific sum in cases for unliquidated damages. Pa. R. Civ. P. 1021(b); see Intzekostas v. Atria Ctr. City, CV 20-5540, 2020 WL 7769736, at *3 (E.D. Pa. Dec. 29, 2020) ("Pennsylvania does not allow a demand for a specific sum of money where damages are not liquidated").

17. In accordance with Pennsylvania state practice, Plaintiffs' Complaint seeks to recover "an amount in excess of $50,000.00." Ex. A, Compl. ¶ 15. Thus, under "§ 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Owens, 574 U.S. at 89.

18. Defendants expressly dispute any liability to Plaintiffs for any monetary, declaratory, or equitable relief, under any claim, and reserve the right to dispute that

Plaintiffs' Complaint states a claim upon which relief can be granted or otherwise presents a justiciable controversy.  For the purposes of this Notice of Removal, however, Defendants allege and represent that based on the Complaint, the amount in controversy exceeds $75,000.

19. "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." Id. In such a case, "removal is proper if the Court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of interests and costs."  Minissale v. State Farm Fire & Cas. Co., 988 F. Supp. 2d 472, 474 (E.D. Pa. 2013); see Evans v. Zhang, CV 17-3801, 2017 WL 4547912, at *1 (E.D. Pa. Oct. 12, 2017) ("the removing defendant must show, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00.").

20. The Complaint alleges "extensive smoke damage" occurred to both real property and personal property, and that consequential damages of various types also accrued.  Ex. A, Compl. ¶ 14.  The value of these extensive alleged damages is not specified in the Complaint.

21. When a plaintiff does not demand a specific amount of damages in a complaint, a pre-suit "settlement demand is sufficient to prove that Defendant has met the amount-in-controversy requirement under 28 U.S.C. § 1332." Tornabene v. Target Corp., CV 08-948 (AET), 2008 WL 11381586, at *3 (D.N.J. May 5, 2008); e.g.,

Minissale, 988 F. Supp. 2d at 477 (finding the amount in controversy exceeded $75,000.00 based in part on a pre-suit demand letter).

22. On May 28, 2021, these same Plaintiffs served initial disclosures in an action involving the very same incident, the very same causes of action, the very same damages, and one of these same defendants, Scicchitano Smith v. Spectrum Brands, Inc., Case No. 2:21-cv-01754-HB, currently pending in the Eastern District of Pennsylvania. According to that document, Plaintiffs purport to seek $519,253.98 in damages, consisting of various property replacement, clean-up, repair costs, and related expenditures extending to each floor of Plaintiffs' home, the attic, personal property throughout the house, as well as installations, fixtures, and items such as flooring and ductwork.

23. Based on the types of damages alleged in the Complaint, the absence of a specific amount, and the allegations herein, the amount in controversy in this action exceeds $75,000.00.

## IV. CONCLUSION AND PRAYER

24. By filing this Notice of Removal, Defendants do not waive any jurisdictional or other defenses that might be available to them. In addition, Defendants expressly reserve the right to move for dismissal of some or all of Plaintiffs' claims and reserve the right to amend or supplement this Notice of Removal.

25. All conditions and procedures for removal have been satisfied.

26. Accordingly, under 28 U.S.C. §§ 1332, 1441, and 1446, Defendants remove to this Court the State Court Action. Defendants request that this Court assume jurisdiction of this case as if it had been originally filed here, and that further proceedings in the State Court Action be stayed.

27. Should any question arise as to propriety of the removal of this matter, Defendants respectfully request an opportunity to conduct appropriate discovery and/or to provide briefing and oral argument as to why removal is proper.

WHEREFORE, Defendants respectfully remove this case, styled Jeanette Scicchitano Smith and Alexander Smith v. Spectrum Brands, Inc. and Spectrum Brands Pet Group, Inc. and United Pet Group, Inc., from the Court of Common Pleas of Philadelphia County, First Judicial District of Pennsylvania, County of Philadelphia, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania, for trial and determination of all issues.

This the 11th day of November 2021.

TANENBAUM KEALE LLP

BY:   /s/ Tiffany M. Alexander
TIFFANY M. ALEXANDER
1235 Westlakes Drive, Suite 215
Berwyn, PA 19312
610-601-4608 (direct)
*talexander@tktrial.com*
Attorneys for Defendants
Spectrum Brands, Inc. and
Spectrum Brands Pet Group,
Inc. and United Pet Group, Inc.

ELLIS & WINTERS LLP

BY: */s/ Dixie T. Wells*
DIXIE T. WELLS
 P.O. Box 2752
Greensboro, NC 27402
336-217-4193
**Dixie.Wells@elliswinters.com**
Attorneys for Defendants
Spectrum Brands, Inc. and
Spectrum Brands Pet Group, Inc.
and United Pet Group, Inc.

10

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this *Notice of Removal of Civil Action* was filed on this date via Electronic Filing System of the United States District Court for the Eastern District of Pennsylvania and thereby deemed served on all counsel of record.

**TANENBAUM KEALE LLP**

BY: */s/ Tiffany M. Alexander*

Date: 11/11/21