# EXHIBIT A

# Court of Common Pleas of Philadelphia County
## Trial Division
# Civil Cover Sheet

**For Prothonotary Use Only (Docket Number)**

**NOVEMBER 2021**

E-Filing Number: 2111009405

**000383**

| | |
|---|---|
| **PLAINTIFF'S NAME**<br>JEANETTE SCICCHITANO SMITH | **DEFENDANT'S NAME**<br>SPECTRUM BRANDS, INC. |
| **PLAINTIFF'S ADDRESS**<br>6 KARNIK COURT<br>LINCOLN UNIVERSTIY PA 19352 | **DEFENDANT'S ADDRESS**<br>3001 DEMING WAY<br>MIDDLETON WI 53562 |
| **PLAINTIFF'S NAME**<br>ALEXANDER SMITH | **DEFENDANT'S NAME**<br>SPECTRUM BRANDS PET GROUP, INC. |
| **PLAINTIFF'S ADDRESS**<br>6 KARNIK COURT<br>LINCOLN UNIVERSTIY PA 19352 | **DEFENDANT'S ADDRESS**<br>3001 DEMING WAY<br>MIDDLETON WI 53562 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME**<br>UNITED PET GROUP, INC. |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS**<br>3001 DEMING WAY<br>MIDDLETON WI 53562 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 3 | ☒ Complaint  ☐ Petition Action  ☐ Notice of Appeal<br>☐ Writ of Summons  ☐ Transfer From Other Jurisdictions |

**AMOUNT IN CONTROVERSY**
☐ $50,000.00 or less
☒ More than $50,000.00

**COURT PROGRAMS**
☐ Arbitration     ☐ Mass Tort           ☐ Commerce            ☐ Settlement
☒ Jury            ☐ Savings Action      ☐ Minor Court Appeal  ☐ Minors
☐ Non-Jury        ☐ Petition            ☐ Statutory Appeals   ☐ W/D/Survival
☐ Other:

**CASE TYPE AND CODE**
2P - PRODUCT LIABILITY

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

FILED
PRO PROTHY
NOV 03 2021
S. RICE

**IS CASE SUBJECT TO COORDINATION ORDER?**   YES   NO

## TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: JEANETTE SCICCHITANO SMITH, ALEXANDER SMITH

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>KENNETH B. GREAR | ADDRESS<br>DE LUCA LEVINE, LLC<br>THREE VALLEY SQUARE<br>SUITE 220<br>BLUE BELL PA 19422 |
|---|---|
| PHONE NUMBER<br>(215)383-0081 | FAX NUMBER<br>(215)383-8008 |
| SUPREME COURT IDENTIFICATION NO.<br>81608 | E-MAIL ADDRESS<br>kgrear@delucalevine.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>KENNETH GREAR | DATE SUBMITTED<br>Wednesday, November 03, 2021, 10:33 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

Filed and Attested by the
Office of Judicial Records
03 NOV 2021 10:33 pm
S. RICE

| | |
|---|---|
| JEANETTE SCICCHITANO SMITH and ALEXANDER SMITH<br>6 Karnik Court<br>Lincoln University, PA 19352<br>     Plaintiffs<br><br>     v.<br><br>SPECTRUM BRANDS, INC.<br>3001 Deming Way<br>Middleton, WI 53562<br><br>AND<br><br>SPECTRUM BRANDS PET GROUP, INC.<br>3001 Deming Way<br>Middleton, WI 53562<br><br>AND<br><br>UNITED PET GROUP, INC.<br>3001 Deming Way<br>Middleton, WI 53562<br>     Defendants | NOVEMBER TERM 2021<br><br>CASE NO.:<br><br>MAJOR CASE<br><u>JURY TRIAL DEMANDED</u> |

### NOTICE TO DEFEND

You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

### AVISO

Le han demandado a usted en la corte.  Si used quiere defenderse de estas demandas expuestas en las paginas siquientes, used tiene veinte (20) dias de plazo al partir de la fecha de la

Case ID: 211100383

demanda y la notificacion.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objectiones a las demandas en contra de su persona.  Sea avisado qui si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTS.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO.  VAYA EN PERSONA O LLAMEPOR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PURDE CONSEQUIR.

**Philadelphia Bar Association**
**Lawyer Referral and Information Service**
**One Reading Center**
**Philadelphia, Pennsylvania 19107**
**(215) 238-6333**
**TTY (215) 451-6197**

2

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

| | |
|---|---|
| **JEANETTE SCICCHITANO SMITH and ALEXANDER SMITH**<br>**6 Karnik Court**<br>**Lincoln University, PA 19352**<br>　　　　**Plaintiffs**<br><br>　　　　v.<br><br>**SPECTRUM BRANDS, INC.**<br>**3001 Deming Way**<br>**Middleton, WI 53562**<br><br>**AND**<br><br>**SPECTRUM BRANDS PET GROUP, INC.**<br>**3001 Deming Way**<br>**Middleton, WI 53562**<br><br>**AND**<br><br>**UNITED PET GROUP, INC.**<br>**3001 Deming Way**<br>**Middleton, WI 53562**<br>　　　　**Defendants** | **NOVEMBER TERM 2021**<br><br>**CASE NO.:**<br><br>**MAJOR CASE**<br>**<u>JURY TRIAL DEMANDED</u>** |

## **COMPLAINT**

Plaintiffs, Jeanette Scicchitano Smith and Alexander Smith, by and through their undersigned attorneys, hereby file this Complaint against Defendants Spectrum Brands, Inc., Spectrum Brands Pet Group, Inc., and United Pet Group, Inc., and in support thereof aver as follows:

### **PARTIES**

1.　Plaintiffs Jeanette Scicchitano Smith and Alexander Smith ("Plaintiff") were adult individuals who resided at and owned 6 Karnick Court, Lincoln University, PA 19352, (the "subject property") at all times relevant hereto.

2. At all times relevant hereto, Defendant, Spectrum Brands, Inc. ("SB" or "Defendant SB"), upon information and belief, was and is a Wisconsin corporation with its principal place of business located at 3001 Deming Way, Middleton, WI 53562.

3. At all times relevant hereto, Defendant, Spectrum Brands Pet Group, Inc. ("SBPG" or "Defendant SBPG"), upon information and belief, was and is a California corporation and/or Wisconsin, and/or Missouri Corporation and or LLC with its principal place of business located at 3001 Deming Way, Middleton, WI 53562.

4. At all times relevant hereto, Defendant, United Pet Group, Inc. ("UPG" or "Defendant UPG"), upon information and belief, was and is a California corporation and/or Wisconsin, and/or Missouri Corporation and or LLC with its principal place of business located at 3001 Deming Way, Middleton, WI 53562.

5. At times relevant hereto, Defendants SB and/or SBPG and/or UPG were in the business of designing, manufacturing, testing, inspecting, assembling, marketing, selling, distributing aquarium kits, and their component parts including but not limit to a 6/7 gallon plastic/acrylic aquarium, lid/cover, filter pump and lighting otherwise and or also known as a Marineland 6 gallon Eclipse Plastic Fish Aquarium (collectively referred to as the "subject aquarium" and/or "subject aquarium kit") at issue in the instant case.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the Defendants SB, SBPG and UPG because the Defendants either have their principal place of business in Pennsylvania, is incorporated in Pennsylvania, or is registered to do business in Pennsylvania, have consented to jurisdiction in Pennsylvania and/or conduct sufficient business in, or has sufficient minimum contacts with, or otherwise intentionally avails themselves of the markets of and in the Commonwealth of

Case ID: 211100383

Pennsylvania through its business operations and sales in Pennsylvania including the City if Philadelphia.

7. Venue is properly laid in Philadelphia County pursuant to Pennsylvania Rules of Civil Procedure 1006 and 2179, including because Defendants SB, SBPG and UPG regularly conducted business in Philadelphia and/or may be served there.

**STATEMENT OF FACTS**

8. Plaintiffs repeat the allegations set forth in the prior paragraphs of this Complaint as if fully set forth herein at length.

9. Prior to November 3, 2019, Defendants SB, SBPG and/or UPG designed, manufactured, tested, inspected, assembled, marketed, sold, distributed, programmed, updated, and placed into the stream of commerce the subject aquarium kit.

10. Prior to November 3, 2019, Plaintiffs purchased the subject aquarium kit.

11. Prior to November 3, 2019 Plaintiffs operated and used the subject aquarium kit in a foreseeable, normal, ordinary, and intended manner.

12. On or about November 3, 2019, a fire erupted at the subject property as a direct result of one or more defects and/or malfunction(s) in the subject aquarium kit and specifically in the filter pump which was part of the kit.

13. Prior to the fire, the subject aquarium kit was never modified, changed, altered, misused or abused by Plaintiffs in any way beyond what was authorized, provided for or anticipated by Defendant after it had placed the subject aquarium kit into the stream of commerce.

14. The fire caused extensive smoke damage to Plaintiffs' real and personal property, and caused other consequential and incidental damages including clean-up costs, repair, and other associated expenses and hardship besides.

Case ID: 211100383

15. As a result of the aforementioned fire, Plaintiffs sustained damages in an amount in excess of $50,000.00.

## COUNT I - STRICT PRODUCTS LIABILITY
### Plaintiffs v. Defendants Spectrum Brands, Inc., Spectrum Brands Pet Group, Inc., and United Pet Group, Inc.

16. Plaintiffs repeat the allegations set forth in the prior paragraphs of this Complaint as if fully set forth herein at length.

17. Defendants are engaged in the business of designing, manufacturing, testing, inspecting, assembling, marketing, selling, distributing the subject aquarium kit which included the filter pump at issue in this case.

18. Furthermore, Defendants specifically designed, manufactured, tested, inspected, assembled, marketed, sold, distributed the subject aquarium kit at issue in this case.

19. The subject aquarium kit was not modified, changed, altered, misused, or abused after Defendants placed the subject aquarium kit into the stream of commerce.

20. Defendants knew, and intended, that the subject aquarium kit would be used by members of the general public, and furthermore knew of the specific uses, purposes and requirements for which said aquarium kit would be utilized.

21. Defendants designed, manufactured, tested, inspected, assembled, marketed, sold, distributed, and placed into the stream of commerce the subject aquarium kit in a defective and unreasonably dangerous condition, which ultimately led to a catastrophic failure and/or malfunction.

22. Defendants knew, or should have known, that the subject aquarium kit would, and did, reach Plaintiffs without substantial change in the condition in which it was originally selected and sold.

Case ID: 211100383

23. The subject aquarium kit was not altered in any manner that caused or contributed to the fire after the product originally left the Defendants' control (other than as authorized, recommended and/or facilitated by Defendants).

24. Plaintiffs who are consumers, operated the subject aquarium kit in a foreseeable, normal, ordinary and intended manner at all relevant times.

25. The fire and its resulting property damage were caused by the defective and unreasonably dangerous condition of the subject aquarium kit at the time it left the hands of Defendants, including design defects, manufacturing defects, and improper warnings/instructions.

26. The fire and its resulting property damage were caused by the defective, malfunctioning and unreasonably dangerous condition of the subject aquarium kit, including design defects, manufacturing defects, and improper warnings/instructions.

27. The aforementioned defects, and/or unreasonably dangerous conditions, existed at the time Defendants placed the subject aquarium kit into the stream of commerce and were foreseeable then; as well as after up to an including the date of the fire.

28. The subject aquarium kit was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community of its characteristics.

29. The probability of injury times the gravity of injury under the design of the subject aquarium kit was and is more than the cost of an alternative reasonable design plus the diminished utility resulting from modifying the design.

30. Common experience teaches that the fire would not have occurred in the subject aquarium kit in the absence of such a defective and unreasonably dangerous condition.

31. The foreseeable risks associated with the design of the subject aquarium kit exceed all benefits.

32. The defective and unreasonably dangerous conditions of the subject aquarium kit were direct and proximate causes of the damages sustained by Plaintiffs.

33. The defective and unreasonably dangerous conditions of the subject aquarium kit proximately caused a fire to occur at the subject property, which resulted in damages to Plaintiffs; thus, Defendants are strictly under Section 402A of the Restatement (2d) of Torts, and Pennsylvania's applicable case law.

34. The fire that occurred in the subject aquarium kit and the subsequent damage to real and personal property, was caused by and resulted from the negligent, carelessness, reckless and grossly negligent acts and/or omissions of Defendants, acting by and through their respective agents, servants and/or employees in the course and scope of their employment, through which Defendants are strictly liable under Section 402A of the Restatement (2d) of Torts, and Pennsylvania's applicable case law, by reason of:

   a. designing, assembling, manufacturing, selling, testing, distributing and/or marketing a defective and malfunctioning product, the subject aquarium kit, which Defendants knew or should have reasonably known would subject Plaintiffs to an unreasonable risk of harm;

   b. designing, assembling, manufacturing, selling, testing, distributing and/or marketing a defective product, the subject aquarium kit, which Defendants knew or should have reasonably known would endanger the real and personal property of Plaintiffs;

   c. failing to select safe and adequate components of the subject aquarium kit;

   d. failing to properly and adequately warn of the limitations of the subject aquarium kit;

   e. failing to provide adequate and sufficient warnings with respect to the subject aquarium kit which thereby rendered the subject aquarium kit defective and unreasonably dangerous;

Case ID: 211100383

  f. failing to distribute and/or supply a product that was safe of its reasonably foreseeable use and intended purpose;

  g. designing, assembling, manufacturing, selling, testing, distributing and/or marketing a defective malfunctioning product, the subject aquarium kit, that was not reasonably fit, suitable or safe for its intended purpose;

  h. failing to properly test and inspect the subject aquarium kit at the time it left the control of Defendants;

  i. failing to manufacture, assemble and/or design the subject aquarium kit in a manner sufficient to prevent fire;

  j. failing to comply with all local, state and federal codes, regulations, ordinances, standards, recommendations and/or requirements;

  k. selling, distributing and/or marketing a defective aquarim kit;

  l. otherwise failing to act reasonably under the circumstances; and

   failing to identify and design out foreseeable use hazards and failure hazards in general.

35. As a direct and proximate result of Defendants' aforementioned acts and/or omissions for which Defendants are strictly liable, the Plaintiffs sustained and incurred damage to his/their real and personal property, and caused other consequential and incidental damages including clean-up costs, repair, and other associated expenses in an amount in excess of $50,000.00.

36. For these reasons, Defendants are strictly liable to Plaintiffs as a result of the aforementioned fire wherein Plaintiffs sustained damages in an amount well in excess $50,000.00.

**WHEREFORE**, Plaintiffs Jeanette Scicchitano Smith and Alexander Smith respectfully request judgment against Defendants, Spectrum Brands, Inc., Spectrum Brands Pet Group, Inc., and United Pet Group, Inc., in an amount in excess of $50,000.00, plus costs incident to this suit, delay damages, attorney fees and such other relief as this Honorable Court shall deem appropriate under the circumstances.

Case ID: 211100383

## COUNT II – NEGLIGENCE
### Plaintiffs v. Defendants Spectrum Brands, Inc. , Spectrum Brands Pet Group, Inc. and United Pet Group, Inc.

37. Plaintiffs repeat the allegations set forth in the prior paragraphs of this Complaint as if fully set forth herein at length.

38. Defendants owed a duty of reasonable care to purchasers/users/consumers and the like with regard to the designing, manufacturing, testing, inspecting, assembling, marketing, selling, distributing, and placing into the stream of commerce the subject aquarium kit; and breached said duty.

39. Defendants knew, and intended, that the subject aquarium kit would be used by members of the general public/consumers and furthermore knew of the specific uses, purposes and requirements for which said aquarium kit would be utilized.

40. The aforementioned damages were the direct and proximate result of the negligence and careless conduct and/or acts or omissions of Defendants, by and through their employees, agents, technicians, vendors, subcontractors, suppliers and/or servants, more specifically failing to exercise reasonable care described as follows:

   a. carelessly and negligently failing to design, manufacture, test, inspect, assemble, market, sell, distribute, and/or place into the stream of commerce a properly functioning and defect-free aquarium kit, which after reasonable and foreseeable use, malfunctioned and/or catastrophically failed;

   b. carelessly and negligently failing to properly design, manufacture, test, inspect, assemble, market, sell, distribute, and/or place into the stream of commerce the subject aquarium kit free from defects, including but not limited to an aquarium kit capable of functioning in a safe and appropriate manner;

   c. carelessly and negligently failing to properly determine that the subject aquarium kit, was not in a safe condition, and free of all material defects, capable of functioning in a safe and appropriate manner;

   d. carelessly and negligently designing, manufacturing, testing, inspecting, assembling, marketing, selling, distributing, and/or placing into the stream of commerce the subject

aquarium kit when it knew, or should have known, that the product was unsafe and unfit for its intended use;

e. carelessly and negligently designing, manufacturing, testing, inspecting, assembling, marketing, selling, distributing, programing, and/or placing into the stream of commerce the subject aquarium kit when Defendants knew, or should have known, that the product would be inadequate for the reasons for which it was purchased;

f. carelessly and negligently designing, manufacturing, testing, inspecting, assembling, marketing, selling, distributing, and/or placing into the stream of commerce the subject aquarium kit that was unreasonably dangerous;

g. carelessly and negligently designing, manufacturing, testing, inspecting, assembling, marketing, selling, distributing, and/or placing into the stream of commerce the subject aquarium kit that was unreasonably dangerous that caused the product to catastrophically fail and/or malfunction;

h. carelessly and negligently designing, manufacturing, testing, inspecting, assembling, marketing, selling, distributing, and/or placing into the stream of commerce a dangerous and defective aquarium kit that Defendants knew, or reasonably should have known, exposed users to an unreasonable risk of harm;

i. carelessly and negligently failing to properly and adequately design, manufacture, test, inspect, assemble, market, sell, distribute the aquarium kit prior to introducing the product into the stream of commerce;

j. carelessly and negligently failing to provide adequate and sufficient warnings and instructions with respect to the subject aquarium kit, which rendered it defective and unreasonably dangerous;

k. carelessly and negligently authorizing, recommending, the subject aquarium kit when Defendants knew, or should have known, subject aquarium kit was not free from defects; and/or

l. carelessly and negligently failing to provide adequate and sufficient warnings and instructions with respect to the subject aquarium kit which rendered it defective and unreasonably dangerous at the time of sale.

41. As a direct and proximate result of Defendants' aforementioned negligent and careless actions and/or omissions, the aforementioned fire occurred and Defendants are liable to Plaintiffs for all damages sustained.

Case ID: 211100383

42. For these reasons, Defendants are liable to Plaintiffs as a result of the aforementioned fire, for which Plaintiff sustained damages in an amount in excess of $50.000.00.

**WHEREFORE**, Plaintiffs Jeanette Scicchitano Smith and Alexander Smith respectfully request judgment against Defendants, Spectrum Brands, Inc., Spectrum Brands Pet Group, Inc., and United Pet Group, Inc., in an amount in excess of $50,000.00, plus costs incident to this suit, delay damages, attorney fees and such other relief as this Honorable Court shall deem appropriate under the circumstances.

### COUNT III – BREACH OF EXPRESS and/or IMPLIED WARRANTIES
### Plaintiffs v. Defendants Spectrum Brands, Inc. , Spectrum Brands Pet Group, Inc., and United Pet Group, Inc.

43. Plaintiffs repeat the allegations set forth in the prior paragraphs of this Complaint as if fully set forth herein at length.

44. The design, manufacture, testing, inspecting, assembling, marketing, selling, distributing, programming, updating and/or placing into the stream of commerce of the subject aquarium kit was not performed in a professional, competent, and workmanlike manner for the reasons set forth herein, and as such posed a hazard to Plaintiff and his property.

45. In conjunction with the design, manufacture, testing, inspecting, assembling, marketing, selling, distributing, programming, updating and/or placing into the stream of commerce of the subject aquarium kit, Defendants expressly and impliedly warranted that the product would be free from defects and safe to use for its intended purpose. Plaintiffs, relied upon the warranties to their detriment.

46. Defendants' breached these warranties because the subject aquarium kit was not free of defects, was not of merchantable quality, and was not fit for the purposes for which it was intended.

Case ID: 211100383

47. Plaintiffs performed all conditions precedent to recover based upon such breaches.

48. Plaintiffs' damages occurred as a direct result of Defendants' breach of their implied warranties of fitness for a particular purpose and merchantability as set out in 13 Pa. C.S.A.§2315 and §2314(c), and as a result of Defendants' breach of its expressed/implied warranties in violation of 13 Pa.C.S.A. §2313, as well as the express and implied warranties set forth in the warranties included at the time of purchase of the product, and/or any time prior or subsequent thereto.

49. Plaintiffs, consumers used the subject aquarium kit in a foreseeable and ordinary manner, of which Defendants should have been aware, and for which Defendants' expertise was relied upon; yet Plaintiffs sustained the damages described herein due to the defects, breaches and negligence described above.

50. As a direct and proximate result of Defendants' aforementioned warranty breaches (express and/or implied), for which Defendants' are liable, the Plaintiffs sustained and incurred damage to their real and personal property, and caused other consequential and incidental damages including clean-up costs, repair, and other associated expenses in an amount in excess of $50,000.00.

Case ID: 211100383

**WHEREFORE**, Plaintiffs Jeanette Scicchitano Smith and Alexander Smith respectfully request judgment against Defendants, Spectrum Brands, Inc., Spectrum Brands Pet Group, Inc., and United Pet Group, Inc. in an amount in excess of $50,000.00, plus costs incident to this suit, delay damages, attorney fees and such other relief as this Honorable Court shall deem appropriate under the circumstances.

                              de LUCA LEVINE LLC

                              BY: **/s/ Kenneth B. Grear**
                                    KENNETH B. GREAR,
                                    PA ID No.: 081608
                                    512 Township Line Road, Suite 220
                                    Blue Bell, PA  19422
                                    Phone:  (215) 383-0081
                                    Fax:  (215) 383-0082
                                    E-Mail:  kgrear@delucalevine.com
                                    ATTORNEYS FOR PLAINTIFFS

Dated:  November 3, 2021

## VERIFICATION

Pursuant to Pa.R.C.P 1024(a), (b) and or (c), Kenneth B. Grear, Esquire, states that he is the attorney for the plaintiff(s)[1] and the facts set forth in the foregoing <u>Complaint</u> are true and correct to the best of his knowledge, information and belief, and this statement is made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification of authorities.

DATE:  NOVEMBER 3, 2021           BY: **/s/ Kenneth B. Grear**
                                                                 KENNETH B. GREAR,
                                                                  PA ID No.: 081608
                                                                  512 Township Line Road, Suite 220
                                                                  Blue Bell, PA  19422
                                                                  Phone:  (215) 383-0081
                                                                  Fax:  (215) 383-0082
                                                                  E-Mail:  kgrear@delucalevine.com
                                                                  ATTORNEYS FOR PLAINTIFFS

---

[1] Plaintiff(s) as permitted in a subrogation action pursuant to Pa.R.C.P. 2002(a) through (d).

**TANENBAUM KEALE LLP**
Tiffany M. Alexander
Attorney I.D. No.: 88681
1235 Westlakes Drive, Suite 215
Berwyn, PA 19312
610-601-4608
talexander@tktrial.com
*Attorneys for Defendants, Spectrum Brands Inc. and Spectrum Brands Pet Group, Inc. and United Pet Group, Inc.*



*Filed and Attested by the Office of Judicial Records
10 NOV 2021 03:26 pm
A. STAMATO*

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

| | |
|---|---|
| JEANETTE SCICCHITANO SMITH and ALEXANDER SMITH, <br><br> Plaintiffs, <br><br> v. <br><br> SPECTRUM BRANDS, INC. and SPECTRUM BRANDS PET GROUP, INC. and UNITED PET GROUP, INC. <br><br> Defendants. | CASE NO. 211100383 |

**PRAECIPE FOR ENTRY OF APPEARANCE**

Kindly enter the appearance of Tiffany M. Alexander, Esquire, as counsel on behalf of Defendants, SPECTRUM BRANDS, INC., and SPECTRUM BRANDS PET GROUP, INC. and UNITED PET GROUP, INC. in the above-captioned matter.

                                            **TANENBAUM KEALE LLP**

BY:   /s/ Tiffany M. Alexander
          TIFFANY M. ALEXANDER
          1235 Westlakes Drive, Suite 215
          Berwyn, PA 19312
          610-601-4608 (direct)
          talexander@tktrial.com
          *Attorneys for Defendants Spectrum Brands, Inc. and Spectrum Brands Pet Group, Inc. and United Pet Group, Inc.*

Date: 11/10/21

**Case ID: 211100383**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this *Praecipe for Entry of Appearance* was filed on this date via the Philadelphia Courts' Electronic Filing System and thereby deemed served on all counsel of record.

                                            **TANENBAUM KEALE LLP**

BY:   */s/ Tiffany M. Alexander*
         TIFFANY M. ALEXANDER
         1235 Westlakes Drive - Suite 215
         Berwyn, PA 19312
         610-601-4608 (direct)
         talexander@tktrial.com
         *Attorneys for Defendants Spectrum Brands, Inc. and Spectrum Brands Pet Group, Inc. and United Pet Group, Inc.*

Date: 11/10/21

Case ID: 211100383